

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom C. King
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-1820
Re: Construction of S. B. No. 3,
First Called Session 44th
Legislature, Chap. 368, p
1527, known as "Brazos River
Flood Control and Reclamation
District," with reference to
disbursements and expenditure
of its funds, and as to what
constitutes Federal coopera-
tion with said Act.

We are in receipt of your letter of January 4,
1940, in which you make the following request of this de-
partment:

"1. In view of the statement of facts in
the letter of Mr. Collins, attached hereto, does
the expenditure of Federal funds by the Works
Progress Administration, a division of the Feder-
al government, constitute a compliance with Sec-
tion 1 of Senate Bill No. 3, 1st Called Session,
44th Legislature, an extract of which reads, 'Con-
tingent upon a loan, and/or grant, and/or allot-
ment from the United States of America --' and do
the facts as stated constitute a departure from
any other legal requirement of the State laws?
(This question does not appear to be covered in
91 2nd Southwestern 665).

"2. In view of Section 2 of Senate Bill No.
3, designating this authority a State Agency, are
such funds as come into its possession through
tax remissions, or from the sale of securities,
State Funds, and should they be placed on deposit

in the State Treasury subject to State approval of disbursements, or is their administration and expenditure entirely discretionary in the Appointed Administering Board?"

A letter from Mr. Collins, Treasurer-Comptroller of this reclamation district, which you attach to your inquiry, contains the following paragraph:

"Accordingly, in direct reply to your inquiry, there have been no Federal Funds actually turned over to the District for administration by us.

"The Federal Government has, however, made available to us, through the Works Progress Administration, a grant of $4,500,000.00 for the construction of Possum Kingdom Dam and Power House. As explained in my letter of the 5th these funds were not turned over to the District, but were earmarked and retained in the U. S. Treasury for disbursement by the W.P.A. against certain construction and material contracts, all of which had the prior approval and acceptance of the W. P. A.

"The various contractors present their estimates or invoices to the Director of Finance, W. P. A. at Washington, D. C. after officials of the District have certified on such statements that the work has been performed, or the material received. After such statements have been checked by the General Accounting Department at Washington and found to be correct and in conformity with the approved contracts, they are then passed to the Treasurer of the United States who remits direct to the Payee by U. S. Treasury check."

In answer to your first question as to what constitutes a compliance by the Federal Government with the provisions of the Reclamation Act with reference to contributions of Federal funds, you are advised that the Act itself answers the question. Section 7 of the Act provides:

"SEC. 7. None of the money hereby donated and/or granted to the Brazos River Conservation

and Reclamation District shall be made available
to the District as herein provided for unless
and until the District shall have first received
from the United States of America, or others a
grant and/or loan and/or allotment of sufficient
size to reasonably insure the completion of any
unit or units of such coordination and completed
system of improvements and control of the Brazos
River and its tributaries and water thereof as
may be approved by the Board of Water Engineers
of the State of Texas, such approval to be cer-
tified to the Comptroller of the State by the
Board of Water Engineers; *provided, however,
that an allotment from the United States of
America and/or others for such grant and/or
loan and/or allotment shall be construed as
the receiving thereof. * * *"

This Act further provides:

"If the grant and/or loan and/or allotment
herein referred to shall be received by the Dis-
trict from any department of government set up
as an agency by the United States of America, it
shall be construed as having been received from
the United States of America within the meaning
of this Act."

Giving effect to the language used in the first
quotation from this Act, it must be held that the district
has received a loan or grant from the Federal Government
when the allotment for such purpose has been made.

The second quotation from Sec. 7 of the statute
is sufficient, in our opinion, to make the grant of
$4,500,000.00 available to the district through the Works
Progress Administration mentioned in the quoted paragraph
of Mr. Collins' letter a sufficient compliance on the part
of the Federal Government with this statute.

In answer to your second question you are advised
that the funds made available to this reclamation district
by the State are not to be paid into the State treasury and
disbursed therefrom. In no uncertain terms this statute
makes it the duty of the respective collectors of taxes in
the counties of this district to pay the money when collect-
ed over to the treasurer of the district. Provision is made
for the expenditure of this money by the district, and like-
wise provision is made for reports of its expenditures of

these funds to the Comptroller, as well as an audit by
your department of said report, and a return of the re-
port when so audited to the Treasurer of the reclama-
tion district. These provisions and many others in
this Act all show beyond any doubt that the Legislature
intended that such funds should be deposited with the
treasurer of the district rather than the State Treas-
urer and be disbursed therefrom.

We have no hesitancy in resting our opinion
entirely upon the provisions of this Act since our Su-
preme Court has reviewed the Act and has sustained its
constitutionality, as well as all other attacks which
have been made to date on the Act. We refer to the
case of Brazos River Conservation and Reclamation Dis-
trict v. McCraw, 91 S. W. (2) 665.

Trusting that the foregoing will give you the
information desired, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY Grover Sellars
Assistant

GS-MR



APPROVED
OPINION
COMMITTEE
BWB